UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

TANESHIA Y. CHILES,

                    Plaintiff,            **DECISION AND ORDER**
                                          **1:14-cv-00943-MAT**

        -vs-

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                    Defendant.

―――――――――――――――――――――――――

## INTRODUCTION

Represented by counsel, Taneshia Y. Chiles ("Plaintiff") instituted this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner")[1] denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## PROCEDURAL STATUS

Plaintiff protectively filed for SSI and DIB on January 12, 2011, alleging a disability onset date of September 2, 2010.

―――――――――――――――

[1]
    Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

(T.165-86).[2] The claims were initially denied on April 1, 2011. (T.108-13). On April 27, 2011, Plaintiff filed a timely written request for hearing, which was held on November 29, 2012, before Administrative Law Judge Timothy J. Trost ("the ALJ") in Buffalo, New York. On that date, Plaintiff's representative, Robin Friedman, withdrew on the record. No testimony was taken at this hearing. (T.74-77). On November 29, 2012, the ALJ conducted a second hearing, at which Plaintiff appeared <u>pro se</u> and testified. (T.78-99). On April 17, 2013, the ALJ issued an unfavorable decision. (T.58-73). Represented by new counsel, Plaintiff timely commenced this action.

The parties have cross-moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court adopts and incorporates by reference herein the undisputed and comprehensive factual summaries contained in the parties' briefs. The record will be discussed in more detail below as necessary to the resolution of this appeal. For the reasons that follow, the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this opinion.

---

[2]

Citations in parentheses to "T." refer to pages from the certified transcript of the administrative record.

**THE ALJ'S DECISION**

The ALJ followed the five-step procedure established by the Commissioner for evaluating disability claims. <u>See</u> 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff, who met the insured status requirements through June 30, 2015, had not engaged in substantial gainful activity since September 2, 2010, the alleged onset date.

At step two, the ALJ determined that Plaintiff has the following "severe" impairments: scoliosis, fibromyalgia, hypertension, diabetes mellitus, and obesity. The ALJ found that Plaintiff's asthma and adjustment disorder were non-severe impairments.

At step three, the ALJ summarily concluded that Plaintiff's impairments, considered singly or in combination, do not meet or medically equal a listed impairment. The ALJ did not identify which, if any, specific listed impairments were considered.

Prior to proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a certified nursing assistant.

At step five, the ALJ relied on Medical-Vocational Rule 202.21 to find that, based on her age (she is a "younger individual" under

the Regulations), education (she is a high school graduate), work experience, and RFC, a finding of "not disabled" was warranted.

## SCOPE OF REVIEW

A decision that a claimant is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. See 42 U.S.C. § 405(g). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the district court] will not substitute [its] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002). This deferential standard is not applied to the Commissioner's application of the law, and the district court must independently determine whether the Commissioner's decision applied the correct legal standards in determining that the claimant was not disabled. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984). Failure to apply the correct legal standards is grounds for reversal. Id. Therefore, this Court first reviews whether the applicable legal standards were correctly applied, and, if so, then considers the substantiality of the evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

## DISCUSSION

## I.   Failure to Consider Social Security Ruling 12-2p

Plaintiff argues that although the ALJ found fibromyalgia to be a severe impairment, he committed legal error by failing to follow the directive of Social Security Ruling ("SSR") 12-2p,

Titles II AND XVI: Evaluation of Fibromyalgia, 2012 WL 3104869, at
*2 (S.S.A. July 25, 2012), by considering fibromyalgia at all steps
of the sequential evaluation. In addition, Plaintiff asserts, the
ALJ misrepresented the record regarding her fibromyalgia diagnosis.
The Commissioner does not directly address Plaintiff's argument
regarding the failure to follow SSR 12-2p.[3]

The Commissioner recognizes fibromyalgia as a potentially
disabling impairment, and describes it as "a complex medical
condition characterized primarily by widespread pain in the joints,
muscles, tendons, or nearby soft tissues that has persisted for at
least 3 months." SSR 12-2p, 2012 WL 3104869, at *2. SSR 12-2p
provides guidance on the evidence required "to establish that a
person has a medically determinable impairment of fibromyalgia" and
how to evaluate the impairment's limiting effects. Id., at *1. SSR
12-2p also recognizes that a diagnosis of fibromyalgia generally is
reached by eliminating other medical conditions which might
manifest similar symptoms of musculoskeletal pain, stiffness and
fatigue. Id., at *3 & n. 7.

The Court agrees with Plaintiff that there were several errors
regarding the ALJ's consideration of her fibromyalgia. At step
three, the ALJ did not mention any listed impairments that he
specifically considered, so it is impossible for this Court to

---

[3]
     The effective date of SSR 12-2p was July 25, 2012, which was prior to the
date of the hearing on November 29, 2012, and well before the ALJ issued his
decision on April 17, 2013.

determine if the ALJ considered the impact of fibromyalgia on the various listings.

During the credibility assessment, the ALJ also mischaracterized the record when he stated that no treating or examining medical source has identified any trigger points and used that fact to discount Plaintiff's credibility. (T.65). Contrary to the ALJ's assertion, when primary care physician Dr. Bhaskara Reddy[4] examined Plaintiff on July 21, 2010, for a follow-up exam (T.279-81; 514-16), Plaintiff complained of generalized body pain that began over a year previously and occurred constantly. (T.279). On examination, Dr. Reddy noted "multiple trigger points upper and lower half of body," and diagnosed Plaintiff with fibromyalgia, diabetes, backache, and hypertension. (T.281). In addition, pain specialist Dr. Pratibha Bansal consistently reported clinical findings of extensive myofascial pain in various areas of Plaintiff's body in 2009, 2010, and 2012, which further supports the severity of Plaintiff's fibromyalgia. (T.317, 319, 322, 325, 585, 588, 591). Because "the credibility of the claimant's testimony regarding her symptoms takes on 'substantially increased' significance in the ALJ's evaluation of the evidence[,]" Wood-Callipari v. Comm'r of Soc. Sec., No. 5:15-CV-743, 2016 WL 3629132, at *6 (N.D.N.Y. June 29, 2016) (quoting Coyle v. Apfel, 66

---

4

Plaintiff has regularly treated at the Lifetime Health Medical Group with Dr. Reddy and other providers for her primary care since the age of fifteen up until April of 2012. (T.87, 279-315, 366-89, 400-59, 471-580, 706-18).

-6-

F. Supp.2d 368, 376 (N.D.N.Y. 1999) (citation omitted), in fibromyalgia cases, this error was not harmless.

Finally, SSR 12-2p specifically cautions that fibromyalgia may erode the full range of unskilled work and that the application of the Medical-Vocational Rules is not appropriate. <u>See</u> SSR 12-2p, 2012 WL 3104869, at *6 ("Widespread pain and other symptoms associated with [fibromyalgia], such as fatigue, may result in exertional limitations that prevent a person from doing the full range of unskilled work in one or more of the exertional categories in appendix 2 of subpart P of part 404 (appendix 2). People with FM may also have nonexertional physical or mental limitations because of their pain or other symptoms. . . . Adjudicators must be alert to the possibility that there may be exertional or nonexertional (for example, postural or environmental) limitations that erode a person's occupational base sufficiently to preclude the use of a rule in appendix 2 to direct a decision. In such cases, adjudicators must use the rules in appendix 2 as a framework for decision-making and may need to consult a vocational resource.") (footnotes omitted). Nonetheless, at steps four and five, the ALJ mechanically relied on Medical-Vocational Rule 202.21 to deny Plaintiff's claim. (<u>See</u> T.64, 68). Remand is warranted so that the ALJ can conduct a proper evaluation of Plaintiff's symptoms in light of her fibromyalgia in accordance with SSR 12-2p. Accord, e.g., <u>Wiley v. Comm'r of Soc. Sec.</u>, No. 114CV1447GTSWBC, 2015 WL

9684924, at *7 (N.D.N.Y. Dec. 7, 2015), report and recommendation adopted, No. 1:14-CV-1447, 2016 WL 109993 (N.D.N.Y. Jan. 8, 2016).

## II.  Procedural Errors in the ALJ's Conduct of the Hearing

At the administrative level, Plaintiff appeared pro se. Plaintiff argues that the ALJ failed to develop the record by obtaining an RFC assessment from one of her treating sources. The Court need not determine whether there was legal error sufficient to warrant remand, since the Court already is remanding the case on other grounds. On remand, the ALJ should take the opportunity to request  an RFC assessment from one of Plaintiff's treating physicians who can provide a "longitudinal" picture of the impact of her fibromyalgia. See SSR 12-2p, at *3 ("When a person alleges [fibromyalgia], longitudinal records reflecting ongoing medical evaluation and treatment from acceptable medical sources are especially helpful in establishing both the existence and severity of the impairment.").

In addition, Plaintiff faults the ALJ for failing to follow HALLEX I-2-6-52(A), applicable to unrepresented claimants. Because the Court is remanding this case on other grounds, and because Plaintiff now has an attorney who will represent her during the new hearing, the Court finds that the claims regarding the alleged failure to adhere to the HALLEX are moot.

## III. Failure by Appeals Council to Properly Evaluate Treating Chiropractor's Opinion

In connection with her request for review by the Appeals Council, Plaintiff submitted records from Dr. William J. Owens, Jr. at Greater Buffalo Spine & Injury Chiropractic, with whom she treated from March 13, 2013, through July 12, 2013,[5] following a second car accident on February 5, 2013. (T.8-47). Immediately after the crash, Plaintiff complained of pain in the neck, right shoulder, and low back radiating into the right lower extremity. (T.638). Dr. Owens diagnosed Plaintiff with cervicalgia, lumbago, pain in the thoracic spine, deep and superficial muscle spasm, cervical disc syndrome, and lumbar disc sciatica. (T.726). He opined that Plaintiff was "totally temporarily disabled from working duties should the opportunity for employment arise." (T.726).

Plaintiff recognizes that Dr. Owens is an "other source" and that opinions on disability are not entitled to any particular weight, but argues that the Appeals Council failed to explain why it found that Dr. Owens' records and opinion provided no basis for changing the ALJ's decision. See Solsbee v. Astrue, 737 F. Supp.2d 102, 114 (W.D.N.Y. 2010) (finding reversible error where the ALJ "simply discount [the treating chiropractor's] opinion without

---

[5] The Appeals Council only accepted the records up to April 17, 2013 (T.6), and entered them into the record as Exhibit 22F. (T.719-40). However, all records from March 13, 2013, through July 12, 2013, are included in the administrative transcript. (T.8-47).

considering the factors set forth in SSR 06-03p"). Because the Court has found alternative grounds on which to remand this matter, the Court need not determine if the Appeals Council erred in its treatment of Dr. Owens' records and opinion. This evidence is now part of the record and, on remand, the ALJ will evaluate Dr. Owens' records and weigh his opinion in accordance with SSR 06-3p.

**IV. Failure to Perform a Function-by-Function Assessment**

Plaintiff argues that the ALJ erred in failing to perform a function-by-function assessment of Plaintiff's ability to perform work-related activities. See Cichocki v. Astrue, 729 F.3d 172, 176 (2d Cir. 2013) ("Before an ALJ classifies a claimant's RFC based on exertional levels of work . . . , he 'must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945.'") (quoting SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996)). In Cichocki, the Second Circuit ruled that because the ALJ's step four analysis of the claimant's limitations and restrictions provided an adequate basis for meaningful judicial review, the failure explicitly to engage in such a function-by-function analysis did not constitute error warranting remand. Id. Here, however, the ALJ simply stated that Plaintiff could perform the full range of light work. The ALJ took note of Plaintiff's allegations of difficulty in lifting, bending, climbing

stairs, sitting, and standing (T.65), but failed to discuss why he discounted many of these specific limitations. Consultative physician Dr. Samuel Balderman, the only medical source who submitted an opinion, vaguely opined merely that Plaintiff had "minimal physical limitations." (T.392). The Court thus cannot discern the ALJ's rationale based on his assignment of substantial weight to Dr. Balderman's consultative report. Remand accordingly is warranted. See Cichocki, 729 F.3d at 177 ("We have said more generally (and now repeat) that where we are 'unable to fathom the ALJ's rationale in relation to evidence in the record, . . . ,' we will not 'hesitate to remand for further findings or a clearer explanation for the decision.'") (quoting Berry v. Schweiker, 675 F.2d 464, 469 (2d Cir. 1982)).

**CONCLUSION**

For the foregoing reasons, Defendant's motion for judgment on the pleadings is denied. Plaintiff's motion for judgment on the pleadings is granted to the extent that the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk of Court is directed to close this case.

**SO ORDERED.**

**S/Michael A. Telesca**

_____
      HON. MICHAEL A. TELESCA
      United States District Judge

Dated:    June 23, 2017
        Rochester, New York.