UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TANESHIA Y. CHILES,

                      Plaintiff,      **DECISION AND ORDER**

                                          **1:14-CV-00943-MAT**

       -vs-

ANDREW SAUL,[1]
Commissioner of Social Security,

                      Defendant.
_____

## I.     Introduction

Plaintiff has filed a Motion for Attorney's Fees, seeking the amount of $10,324.75, pursuant to 42 U.S.C. § 406(b). Docket No. 18. Defendant has filed a response, indicating that he does not oppose Plaintiff's request. Docket No. 21. The matter is now fully submitted and ready for decision. Docket No. 23. For the reasons discussed below, Plaintiff's motion is granted.

## II.    Background

On June 23, 2017, this Court reversed the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), and remanded the matter for further proceedings. *See* Docket No. 15. On August 31, 2017, the Court signed a

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of Social Security. Accordingly, his name is substituted for the originally-named defendant in this action. *See* Fed. R. Civ. P. 25(d).

stipulation entered into by the parties, whereby Plaintiff was awarded $6,530.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in full satisfaction of her claim pursuant to the EAJA, for her attorney's services performed in connection with this action. Docket No. 17.

Subsequently, on July 3, 2019, Plaintiff received a Notice of Award from the Social Security Administration indicating that she was being awarded $55,699.00 in past due SSI benefits. Docket Nos. 18-2 at ¶ 10 & 18-4.

Pursuant to the fee agreement signed by Plaintiff, her attorney is entitled to 25 percent of her past due benefits. Docket No. 18-2 at ¶ 6. Based on the above-referenced award of benefits, the amount due to Plaintiff's attorney pursuant to the fee agreement would be $13,924.75. *See id.* at ¶ 19. However, Plaintiff's attorney has requested a fee of only $10,325.75. *Id.* at ¶ 2. Plaintiff's attorney has already received the sum of $6,540.00, pursuant to the above-mentioned EAJA application and stipulation, and he states that he will refund this fee to Plaintiff once the instant request is granted. *Id.* at ¶ 18. Plaintiff's attorney has submitted the award notice (Docket No. 18-4), the fee agreement (Docket No. 18-3), and his time records to date (Docket Nos. 18-5 & 18-7).

III. **Discussion**

Title 42, Section 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

"When a contingent fee has been agreed to by the parties, the district court must determine whether the fee is reasonable[,]" "giv[ing] due deference to the intent of the parties" while "not blindly approv[ing] every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Mathematical calculations are not required, but the district court should determine whether the contingency percentage is within the 25 percent cap. *Id*. In addition, it should consider "whether there has been fraud or overreaching in making the agreement" and "whether the requested amount is so large as to be a windfall to the attorney." *Id.* (citations omitted).

Here, based on the total award of benefits ($55,699.00), the amount due to Plaintiff's attorney pursuant to the fee agreement would be $13,924.75. Plaintiff's attorney has requested a reduced fee of $10,324.75, which represents 18.53% of the total past-due benefits awarded. *See* Docket No. 18-2 at 4. Therefore, the revised contingency percentage is less than the 25 percent cap authorized by § 406(b).

Given that Plaintiff's attorney has requested a reduced fee amount, the Court concludes that there is no evidence of fraud or overreaching. The Court also finds that the amount requested does not appear to be so large as to be a windfall to the attorney. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *see also* Docket No. 18-7. Plaintiff's counsel began working on Plaintiff's case in May 2013, after the administrative law judge denied her claim for benefits. *See* Docket No. 18-2 at ¶ 7. He has spent 36.1 hours preparing Plaintiff's case before the federal district court, *see* Docket No. 18-7, which yields an hourly fee of $286 (*see* Docket Nos. 18-1 at 5 & 21 at 4), and is reasonable under the circumstances. As explained above, Plaintiff's counsel was successful in securing benefits for Plaintiff.

Plaintiff's counsel has requested, separate and apart from the instant request for fees, $10,000 for work he performed at the administrative level, pursuant to 42 U.S.C. § 406(a). *See* Docket No. 18-2 at ¶¶ 12-13. The $10,000 Plaintiff's counsel requests for his work done at the administrative level pursuant to § 406(a), combined with the $10,324.75 he requests pursuant to § 406(b), totals $20,324.75, and is more than 25 percent of Plaintiff's past due benefits. On this point, Defendant cites to *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), a Supreme Court case in which the Court held that the 25 percent fee cap applies only to fees under § 406(b). *See* Docket No. 21 at 5; *see also Culbertson*, 139 S. Ct.

at 519 ("Because § 406(b) by its terms imposes a 25% cap on fees only for representation before a court, and § 406(a) has separate caps on fees for representation before the agency, we hold that the statute does not impose a 25% cap on aggregate fees."). In other words, while the fee an attorney seeks pursuant to § 406(b) may not exceed 25 percent of a plaintiff's past due benefits, the attorney's fee in the aggregate (which includes the award the attorney seeks pursuant to § 406(a)), is not capped at 25 percent. Accordingly, the aggregate fee that Plaintiff's counsel seeks in this case is proper under *Culbertson*.

Defendant, however, points to the language contained in Plaintiff's fee agreement, which provides that 25 percent is the most an attorney can receive under the agreement. *See* Docket No. 21 at 6 ("The recent decision in *Culbertson* . . . is a separate point from Plaintiff's actual fee agreement with her attorney."). Plaintiff's counsel responds that his fee request is proper under *Culbertson*, and explains that Plaintiff signed two separate fee agreements - one for her federal court case, and another for her administrative case. *See* Docket No. 22 at 1-2.

The Court has reviewed both of the fee agreements signed by Plaintiff (Docket Nos. 18-3, 22-1). The fee agreement to which Defendant refers is the fee agreement governing counsel's representation of Plaintiff in federal district court. *See* Docket No. 18-3 (titled "Fee Contract - Federal District Court").

Plaintiff signed a separate fee agreement for her representation before the Social Security Administration. *See* Docket No. 22-1 ("I employ [counsel] to represent me before the Social Security Administration (SSA) in my Social Security Disability (SSD) case, Supplemental Security Income (SSI) case, or both."). This agreement contains its own 25 percent fee cap. *Id*. Accordingly, it would seem that the aggregate fee, which exceeds 25 percent of Plaintiff's past due benefits, would not violate the district court fee agreement, because that fee agreement applies only to fees awarded pursuant to § 406(b).

However, the Court notes that the district court fee agreement contains the following language: "In no case will the fee that comes out of the back benefits paid on my account be greater than 25% of back benefits (*including the fee paid for work on my case before the Social Security Administration*)." Docket No. 18-3 at 1 (emphasis added). This language arguably implies that the 25 percent cap applies to the combined fee under § 406(a) and § 406(b), and makes application of the 25 percent cap provided in the district court fee agreement unclear. The Court need not and does not resolve this issue because, as noted by Plaintiff's counsel, he must return $6,530.00 of the fee award to Plaintiff. *See* Docket No. 22 at 2. This reduces the amount paid to counsel pursuant to § 406(b) to $3,794.75. Therefore, the total fee paid to counsel under both § 406(a) and § 406(b) would be $13,794.75,

and is less than $13,917.25, or 25 percent of Plaintiff's past due benefits. *See also Stein v. Commissioner*, No. 15-CV-6753-FPG, 2019 WL 4409337, at *2 (W.D.N.Y. Sept. 16, 2019) ("the § 406(a) fees that counsel may receive are purely speculative because the SSA has not ruled on his petition yet. To adjust counsel's § 406(b) fee in light of § 406(a) fees that he might obtain could result in an overall fee award that is much lower than the 25% cap.").

IV.     **Conclusion**

For the reasons discussed above, the Court grants Plaintiff's Motion for Attorney's Fees (Docket No. 18). Plaintiff is awarded attorney's fees in the amount of $10,324.75, which represents 18.53 percent of the total past due benefits awarded to Plaintiff. The Commissioner is directed to release these funds. Upon receipt of the § 406(b) fee, Plaintiff's counsel shall return to Plaintiff the previously-received $6,530.00 in attorney's fees paid pursuant to the EAJA.

**IT IS SO ORDERED.**

                                                              S/Michael A. Telesca
                                             _____
                                             HONORABLE MICHAEL A. TELESCA
                                             United States District Judge

DATED:   January 16, 2020
        Rochester, New York